WEBSTER D. HATCH, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Orleans Trial Term, March, 1924.

Carriers — action by shipper against carrier on sight draft — shipment pursuant to order bill of lading with sight draft attached — bill of lading and sight draft returned to shipper by bank — measure of damages is actual value of goods at time of delivery at destination.

Where in an action by a shipper against a carrier on a sight draft it appears that the plaintiff shipped a carload of wheat pursuant to an order bill of lading with sight draft attached, that the wheat was later delivered to the consignee but the bill of lading was not taken up, and that thereafter both the bill of lading and the sight draft were returned to the shipper by the bank, the proper measure of damages is the actual value of the wheat at the point of destination at the time of delivery. Of course if the amount of the sight draft were less than the destination value of the goods the former should be the measure of damages.

ACTION on sight draft.

*Heath & Heath*, for plaintiff.

*Evan Hollister*, for defendant.

TAYLOR, HARRY L., J. The plaintiff shipped a carload of wheat to one David Heffer, as consignee, at Baldwinsville, N. Y. The shipment was pursuant to an order bill of lading which, with sight draft for $2,347.93 attached, was forwarded to the State Exchange Bank. The wheat was later delivered to the consignee, but the bill of lading was not taken up. Later both the bill of lading and the sight draft were returned to the shipper by the bank.

The plaintiff has sued for damages, claiming that the measure thereof is the amount of the sight draft. After taking a jury it was stipulated by the parties that all the issues should be left to the court. The defendant contends that the measure of damages suggested by the plaintiff is incorrect, and claims that judgment should be rendered against it for no more than the actual value of the goods at the destination point at time of delivery.

I have not been referred to and do not find any New York state authority exactly in point. However, I have reached the conclusion that the defendant's claim is correct. Even though the rule I am about to announce might sometimes (even, perhaps, in the instant case) result in preventing the consummation of a " good sale," still, the rule contended for by the plaintiff might often result in permitting a gross fraud to be perpetrated. I do not at all intimate that such a situation exists in the case at bar. If the amount of the sight draft were less than the destination value of the goods, of course, the former should be the measure of damages. But to ever require a carrier to pay for such an unauthorized delivery of goods any amount in excess of the value of the property would be punitive and altogether unfair.

I award the plaintiff $1,584, with interest thereon from July 2, 1921, amounting to $1,844.57 to date. This is the stipulated value of the goods at destination, the proper locus of valuation (*McCaull-Dinsmore Co.* v. *Chicago, M. & St. P. Ry. Co.*, 252 Fed. Rep. 664), and the proper measure of damages as distinguished from the amount of the sight draft. *Belden* v. *Boston & Maine Railroad*, 88 Vt. 300; *Louisville & Nashville Railroad Co.* v. *Hartwell*, 99 Ky. 436.

Judgment accordingly.